IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NATHANAEL BROWN, for himself and all others similarly situated, § § § | |
| *Plaintiff,* § § | |
| v. § | Civil Action No. 1:17-CV-00307-RP |
| § | |
| MID-AMERICA APARTMENTS, LP, et al., § § | |
| *Defendants.* § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO
STAY ISSUANCE OF CLASS NOTICE PENDING DISPOSITION OF
RULE 23(f) PETITION FOR INTERLOCUTORY REVIEW (DKT. 116)**

**I. BACKGROUND AND SUMMARY**

The Court granted Plaintiff's motion for class certification on September 5, 2018. (Dkt. 97). Defendants filed a petition with the Fifth Circuit requesting permission to pursue an interlocutory appeal of that class certification order pursuant to Fed. R. Civ. P. 23(f), and Plaintiff filed a response. The Fifth Circuit has not yet ruled on Defendants' petition.

Meanwhile, the parties have engaged in discussions and *agreed* to a proposed Notice Plan. (Dkt. 112, 112-1). The Court has not yet signed an order approving Plaintiff's request for entry of an order regarding the proposed Notice Plan. (*See* Dkt. 113). Before notice can be disseminated to Class members, there remains a need for Defendants to perform additional data compilations relating to persons who meet the Class Definition. (*See* Dkt. 113-1 at ¶¶ 1-3).

Defendants have now filed a motion which seeks to stall only the last step of the proposed Joint Notice Plan—**the actual dissemination of the notice to the class**—until Defendant's Rule 23(f) petition before the Fifth Circuit is ruled on. (Dkt. 116 at 3, n. 2). Defendants' motion does not seek to stay the Court's approval of the agreed Notice Plan or

1

Defendants compilation of the remaining digital information needed to identify Class members to whom notice will be directed. Defendants agreed to assemble and provide that data to Class Counsel and Heffler as part of the Notice Plan. *Id.*

Defendants are <u>not</u> entitled to a broad stay of all aspects of the Notice Plan, and they do not need it because their request is premature. No order staying dissemination of notice is needed at this time because, at minimum, under the agreed Notice Plan it will take at least 30 days for (a) Defendants to compile the necessary information and send the data to Class Counsel (14 days), (b) for Class Counsel to send the data to Heffler (2 business days), and (c) for Heffler to do their work to process the data and prepare the emailed notices and mailed notices (where email addresses are not available) (14 days) (30 total days, at minimum, before notice is disseminated).

In light of the upcoming trial date, the Court should move forward with approving the proposed Notice Plan, under which Defendants will be required to compile and provide the remaining information required under the Notice Plan. The Court can then later revisit whether a stay of actual dissemination of the notice is still necessary if the Fifth Circuit has not ruled on Defendants' Rule 23(f) petition by the time the notice is required to be disseminated.

Again, there is no need for a stay right now. Further, even if the issue were ripe for ruling, Defendants have not satisfied the requirements for a stay of any part of this case.

## II.  ARGUMENT

An appeal under Rule 23(f) "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." FED. R. CIV. P. 23(f). "Stays issued pursuant to Rule 23(f) are discretionary and rare." *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017), citing *M.D. v. Perry*, 2011 WL 7047039, *1 (S.D.

Tex. July 21, 2011); *In re Mounce*, 2008 WL 2714423, *6 (Bankr. W.D. Tex. July 10, 2008); *see also, e.g., Erica P. John Fund, Inc. v. Halliburton Co.*, 2015 WL 12710694, at *1 (N.D. Tex. Nov. 24, 2015)

When deciding a motion to stay, the court applies a four part test: "(1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest." *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, 2017 WL 3620590, at *4 (citing *In re First South Sav. Ass'n*, 820 F.2d 700, 704 (5th Cir. 1987)). "The movant bears the burden of showing that a stay is justified" and "[e]ach part of the test must be met." *In re: BP P.L.C. Sec. Litig.*, 2016 WL 164109, at *2 (S.D. Tex. Jan. 14, 2016), citing *Nken v. Holder*, 556 U.S. 418, 433-34 (2009); accord *Arnold v. Garlock, Inc.,* 278 F.3d 426, 439 (5th Cir. 2001) ("[E]ach part must be met").

Here, Defendants have not made a showing of likelihood of success on the merits.

Further, Defendants will clearly <u>not</u> suffer "irreparable injury" merely by this Court moving forward with consideration of the proposed notice plan and by Defendants now performing the minor work of compiling the relatively small amount of information that is still needed for the notice plan. Indeed, Defendants recently represented in an SEC Form 8-K filing that a class action judgment on the merits in both this case and in the related *Cleven* case for the "potential maximum aggregate exposure in these two lawsuits, or approximately $63 million" would "not be expected to have a material adverse effect on [Defendants'] operations, financial position, prospects or credit profile." *See* Ex. 1 (Defendants' Form 8-K filed September 19, 2018), at 7.  Defendants already agreed to the substance of the proposed Notice Plan and the

3

minor burden on Defendants of compiling the needed information relating to persons who meet the Class Definition (*see* Dkt. 113-1 at ¶¶ 1-3) will obviously not cause any "irreparable injury" to Defendants.[1]

"[M]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Halprin v. Fed. Deposit Ins. Corp.*, 2017 WL 3032433, at *3 (W.D. Tex. July 17, 2017), quoting *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974); *see, e.g., In re Cobalt Int'l Energy*, 2017 WL 3620590, at *4 (denying stay pending Rule 23(f) appeal and holding "the prospect of having to engage in discovery is not irreparable harm for purposes of a stay pending appeal."); *M.D. v. Perry*, 2011 WL 7047039, at *2 (denying stay pending Rule 23(f) appeal and holding that "[t]he prospect of burdensome or expensive discovery alone is not sufficient to demonstrate 'irreparable injury.'"); *In re Mounce*, 2008 WL 2714423, at *8; *see also, e.g., Strougo v. Barclays PLC,* 194 F. Supp. 3d 230, 234 (S.D.N.Y. 2016) (denying stay pending Rule 23(f) appeal and holding litigation expenses did not constitute irreparable injury); *Thorpe v. D.C.,* 306 F.R.D. 6, 11 (D.D.C. 2014) (same); *Monaco v. Bear Stearns Companies, Inc.*, 2012 WL 12506860, at *4 (C.D. Cal. Dec. 5, 2012) (same).

In addition, this case has been pending for approximately 18 months, summary judgment has been granted on Defendants' liability, and the remaining issues in the case are set for trial or final hearing on December 3, 2018. A complete stay of the Notice Plan would only further delay this matter, which would prejudice the Class's interest in a speedy trial and resolution of this matter. *See, gen., Erica P. John Fund, Inc. v. Halliburton Co.*, 3:02-CV-1152-M, 2015 WL 12710694, at *1 (N.D. Tex. Nov. 24, 2015) (denying stay pending Rule 23(f) appeal and holding

---

[1] Defendants' motions do not even purport to suggest these things could cause them irreparable injury. Instead, Defendants' motions complain only about the actual dissemination of notice to the class.

the "costs of 'potentially unnecessary; discovery and motion practice—does not outweigh the prejudice to Plaintiffs whose claims have been pending" for years and "continued delay in the resolution of this matter may erode public confidence in the judicial process"); *Roseman v. Bloomberg L.P.*, 2017 WL 5176379, at *3 (S.D.N.Y. Nov. 7, 2017) (denying stay pending Rule 23(f) appeal and holding that "[n]o compelling interest weighs in favor of issuing a stay" because "the public interest favors a speedy trial and resolution of this matter.").

In short, the minimal burden placed on Defendants to supplement the existing data compilations with additional data to identify Class members who are entitled to notice (*See* Doc 113-1 at ¶¶ 1-3) "does not outweigh the hardship of delaying resolution of the litigation." *See, e.g., Jenkins v. Hyundai Motor Fin. Co.,* 2008 WL 2268319, at *4 (S.D. Ohio June 2, 2008) ("The Court concludes that the minimal burden placed on Hyundai to address issues related to notice does not outweigh the hardship of delaying resolution of the litigation.").

Defendants do not ask the Court to withhold approval of the agreed Notice Plan, apart from their general objection to certification of a Class and ultimate dissemination of notice. A broad stay is not requested or justified. Defendants have not demonstrated that they will suffer any "irreparable injury" if the Court enters an order approving the agreed Notice Plan. If the Fifth Circuit has not ruled on Defendants' Rule 23(f) petition by the time notice is required to be disseminated by Heffler, the parties can notify the Court and the Court can revisit and decide if a stay of dissemination of the notice is required at that time in the interest of justice.

Federal courts faced with similar circumstances have done just as Plaintiff is suggesting. That is, courts have agreed to stay the actual dissemination of notice where a pending a Rule 23(f) petition remains pending when all predicate steps required to send out notice have occurred, but not the predicate steps leading up to the sending of notice. *See, e.g. Willis v. Big*

*Lots, Inc.*, 2017 WL 2493142, at *1 (S.D. Ohio June 8, 2017) ("The Court ADOPTS the R&R and ORDERS the parties to negotiate and prepare a class notice for publication and mailing. The parties may not disseminate that notice until further order of the Court directs them to do so. If Defendants' petition for permission to appeal is granted, they may renew their motion to stay"); *Heinzl v. Cracker Barrel Old Country Store, Inc.*, 2016 WL 5339410, at *1 (W.D. Pa. July 8, 2016) ("The parties shall be able to conduct all other discovery and case preparation (including preparation of the class action notices), but shall—for now—refrain from sending out class notice. The Court concludes that this result strikes an appropriate balance between moving forward with this litigation and mitigating the risk of prejudice to either party."); *Jenkins*, 2008 WL 2268319, at *1 ("[T]he parties are directed to proceed with preparing the class notice for publication and mailing, but the Court will not permit dissemination the notice until the Court of Appeals for the Sixth Circuit has fully resolved Hyundai's petition for permissive leave to appeal.").

## CONCLUSION AND PRAYER

The Court should approve the proposed agreed Notice Plan, which will require Defendants to compile and provide the remaining data needed to identify Class members and send them notice. (*See* Dkt. 113 and 113-1). The Court should deny Defendants' motion. (Dkt. 116). The Court can then later revisit whether a stay of actual dissemination of the notice is still necessary within the next 30 days, if needed.

Respectfully submitted,

*/s/ Britton D. Monts*
BRITTON D. MONTS
Bar No. 14303900
THE MONTS FIRM
401 Congress Ave., Suite 1540
Austin, Texas 78701-3851
bmonts@themontsfirm.com
(512) 474-6092 – Telephone
(512) 692-2981 – Fax

R. MARTIN WEBER, JR.
State Bar No. 00791895
RICHARD E. NORMAN
State Bar No. 00788128
Crowley Norman LLP
Three Riverway, Suite 1775
Houston, Texas 77056
rnorman@crowleynorman.com
mweber@crowleynorman.com
(713) 651-1771 – Telephone
(713) 651-1775 – Facsimile

JASON W. SNELL
Bar No. 24013540
THE SNELL LAW FIRM, PLLC
1615 W. 6th St.
Austin, Texas 78703
firm@snellfirm.com – Email
(512) 477-5291 – Telephone
(512) 477-5294 – Fax

ATTORNEYS FOR PLAINTIFF AND THE CLASS

**CERTIFICATE OF SERVICE**

    I certify that on October 3, 2018, I caused the foregoing document to be electronically filed with the Clerk of the Court pursuant to the Electronic Filing Procedures and using the CM/ECF system, and that a true and correct electronic copy was thereby caused to be served on Defendants by and through their counsel of record.

*/s/ Britton D. Monts*
Britton D. Monts