IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NATHANAEL BROWN, *for himself and all others similarly situated*, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | |
| MID-AMERICA APARTMENTS, LP, *as successor in merger to* POST APARTMENT HOMES, LP *d/b/a* POST SOUTH LAMAR, POST EASTSIDE, POST PARK MESA, POST GALLERY, POST WEST AUSTIN, POST SIERRA AT FRISCO BRIDGES, POST KATY TRAIL, POST ABBEY, POST ADDISON CIRCLE, POST COLE'S CORNER, POST BARTON CREEK, POST HEIGHTS, POST LEGACY, POST MERIDIAN, POST MIDTOWN SQUARE, POST SQUARE, POST UPTOWN VILLAGE, POST VINEYARD, POST VINTAGE; and MID-AMERICA APARTMENT COMMUNITIES, INC., *as general partner of* MID-AMERICA APARTMENTS, LP; | § § § § § § § § § § § § § § § § § § § § | 1:17-CV-307-RP |

**<u>ORDER</u>**

This Court granted class certification in this matter on September 5, 2018. (Dkt. 97). On October 11, 2018, the Fifth Circuit Court of Appeals granted Defendants leave to appeal class certification under Rule 23(f). (*See* Dkt. 123). Now before the Court are Plaintiffs' Motion for Entry of Order on Joint Class Notice Plan, (Dkt. 113), Defendants' Opposed Motion to Stay Issuance of Class Notice Pending Disposition of Rule 23(f) Petition for Interlocutory Appeal, (Dkt. 116), and responsive briefing for each.

The parties agree to the substance of the Joint Class Notice Plan, (Dkt. 113-1, at 2), but disagree as to when notice should be issued. (*See* Joint Advisory, Dkt. 112, Defs.' Reply Mot. Stay, Dkt. 121). Plaintiffs do not dispute that issuance of class notice may be stayed until the Fifth Circuit

resolves class certification. (*See* Pls.' Resp., Dkt. 120). Plaintiffs argue that a stay is unnecessary at this time because preparation for class notice will require at least 30 days. (*Id.* at 2). Plaintiffs ask the Court to order Defendants to perform all but the final step of actually issuing notice to prospective class members and to set a status conference prior to issuance of the notice. (Proposed Order, Dkt. 120-2, at 2). Having considered the parties' submissions, the record, and the applicable law, the Court issues the following order.

## I. CLASS NOTICE PLAN

"For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). That notice "must clearly and concisely state in plain, easily understood language:

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

*Id.* Additionally, to satisfy due process, "the notice required by subdivision (c)(2) must contain information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt out or remain a member of the class and be bound by the final judgment." *In re Nissan Motor Corp. Antitrust Litigation*, 552 F.2d 1088, 1105 (5th Cir. 1977). Thus, class notice must describe the proceedings in "objective, neutral terms." *In re Deepwater Horizon,* 739 F.3d 790, 819 (5th Cir. 2014) (citations omitted).

Having reviewed the parties' joint proposed plan and agreed versions of a class notice, postcard notice, and website banner, (Joint Class Notice Plan, Dkt. 113-1), the Court finds that the Joint Class Notice Plan provides the best notice that is practicable under the circumstances, and that

it provides for individual notice to all class members who can be identified through reasonable effort as required under Rule 23(c)(2)(B). The Court finds that the Joint Class Notice Plan and exhibits clearly and concisely state the items required by Rule 23(c)(2)(B) in plain, easily understood language. The Court also finds that the Joint Class Notice Plan describes the proceedings in objective and neutral terms. *See In re Deepwater Horizon,* 739 F.3d at 819. Finally, the Court finds that the Joint Class Notice Plan meets or exceeds the requirements for due process. *See In re Nissan Motor Corp.*, 552 F.2d at 1105.

Staying issuance of class notice would affect three dates: (1) the date to issue notice to class members by email, mail, and websites, (Dkt. 113-1, at 3–4); (2) the Exclusion Deadline Date, which is proposed as November 19, 2018, fourteen days before the current trial setting, (*id.* at 5); and (3) the current trial setting on December 3, 2019, (*id.*). The Court must evaluate the appropriate timing for these dates in light of the pending appeal.

## II.  STAY PENDING APPEAL

In the Fifth Circuit, courts consider four factors in determining whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Campaign for S. Equal. v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) (quoting *Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014)). Courts do not apply these factors "in a rigid or mechanical fashion." *Id.* (citing *United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir. 1983) (cleaned up)). In seeking a stay, a movant "need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981) (citations omitted). "[I]f the balance of equities (i. e. consideration of the other three factors) is not heavily tilted in the

movant's favor, the movant must then make a more substantial showing of likelihood of success on the merits in order to obtain a stay pending appeal." *Id.* at 565–66. Such a stay "affords interim relief where relative harm and the uncertainty of final disposition justify it." *Id.* at 565.

In this case, the balance of the equities weighs heavily in favor of granting a stay. Issuing class notice before final class certification may necessitate a second notice depending upon the Fifth Circuit's resolution of Defendants' appeal. This would be redundant and inefficient for the parties and confusing for potential class members. In contrast, postponing class notice until the Fifth Circuit rules on class certification would not impact Plaintiffs' remedies. The Court finds that these circumstances indicate a substantial public interest in staying class notice pending the appeal. The Court also finds that although Defendants have not shown they will be "irreparably injured absent a stay," a stay will not "substantially injure" Plaintiffs. *Bryant*, 773 F.3d at 57.

Given that the balance of the equities weighs heavily in favor of granting a stay, Defendants "need only present a substantial case on the merits [involving] a serious legal question." *Ruiz*, 650 F.2d at 565. The Court finds that Defendants have met this burden. The Court will therefore grant the stay of issuance of class notice pending resolution of the Rule 23(f) petition.

### III. CONCLUSION

Accordingly, the Court **ORDERS** that Plaintiffs' Motion for Entry of Order on the Joint Class Notice Plan, (Dkt. 113), is **GRANTED IN PART**. Specifically, the Court **APPROVES** the Joint Class Notice Plan in all respects other than the dates for issuance of notice, the Exclusion Deadline Date, and the trial setting, (Dkt. 113-1, at 3–6).

The Court **FURTHER ORDERS**, in accordance with the Joint Class Notice Plan, (Dkt. 113-1, ¶¶ 1–4), that Defendants shall compile the class data as specified in Exhibit D, (Dkt. 113-1, at 15), in a digital format usable by Heffler Claims Group, and provide the data to Class Counsel on or before **November 2, 2018**.

The Court **FURTHER ORDERS** that Defendants' Motion to Stay Issuance of Class Notice Pending Disposition of Rule 23(f) Petition for Interlocutory Appeal, (Dkt. 116), is **GRANTED.** Dissemination of notice to the class is **STAYED**. The parties shall not disseminate class notice without further order of this Court.

The Court **FINALLY ORDERS** that the trial set for December 3, 2019, is **VACATED**. The Court will set dates for issuance of notice, the Exclusion Deadline Date, and trial as appropriate upon resolution of the Rule 23(f) petition.

**SIGNED** on October 22, 2018.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE