IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NATHANAEL BROWN, *for himself and all others similarly situated*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| MID-AMERICA APARTMENTS, LP, *as successor in merger to* POST APARTMENT HOMES, LP *d/b/a* POST SOUTH LAMAR, POST EASTSIDE, POST PARK MESA, POST GALLERY, POST WEST AUSTIN, POST SIERRA AT FRISCO BRIDGES, POST KATY TRAIL, POST ABBEY, POST ADDISON CIRCLE, POST COLE'S CORNER, POST BARTON CREEK, POST HEIGHTS, POST LEGACY, POST MERIDIAN, POST MIDTOWN SQUARE, POST SQUARE, POST UPTOWN VILLAGE, POST VINEYARD, POST VINTAGE; and MID-AMERICA APARTMENT COMMUNITIES, INC., *as general partner of* MID-AMERICA APARTMENTS, LP; | § § § § § § § § § § § § § § § § § § § § | 1:17-CV-307-RP |

**ORDER**

This Court granted class certification in this matter on September 5, 2018. (Dkt. 97). The

Court then denied Plaintiffs' first motion to approve their class notice plan and ordered the parties

to file a joint motion for class notice (or a joint advisory outlining their disagreements). (Dkt. 98).

Ultimately, the parties informed the Court that they agreed on the substance of class notice but

disagreed about when it should be sent to class members. (Pl.'s Advisory, Dkt. 112). Plaintiffs then

asked the Court to approve the class notice plan, (Dkt. 113), and Defendants moved to stay issuance

of class notice pending the resolution of their Rule 23(f) petition, (1st Mot. Stay, Dkt. 116), which

United States Court of Appeals for the Fifth Circuit granted on October 12, 2018. (*See* Dkt. 123).

The Court approved the class notice plan in all respects other than the date for issuance of notice

1

and exclusion deadline and ordered Defendants to compile class data and provide it to Class Counsel. (Order, Dkt. 131, at 4). In that order (the "October 22 Order"), the Court stayed dissemination of class notice until the resolution of Defendants' Rule 23(f) appeal. (*Id.* at 5).

Defendants now ask the Court to stay all proceedings pending resolution of their Rule 23(f) appeal. (2d Mot. Stay, Dkt. 130). Plaintiffs, meanwhile, ask the Court to enforce the October 22 Order. (Mot. Enforce, Dkt. 134). Having considered the parties' arguments and the relevant law, the Court will deny Defendants' motion and grant Plaintiffs'.

"Stays issued pursuant to Rule 23(f) are discretionary and extremely rare." *M.D. v. Perry*, No. CIV.A. C-11-84, 2011 WL 7047039, at *1 (S.D. Tex. July 21, 2011) (citation and quotation marks omitted). In determining whether to grant a stay pending appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Campaign for S. Equal. v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) (quoting *Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014)). Normally, "a stay can never be granted unless the movant has shown that success on appeal is probable." *Meyers v. Chesterson*, No. CIV.A. 15-292, 2015 WL 3797139, at *4 (E.D. La. June 18, 2015) (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)). However, probability is not required when the "balance of equities, as determined by a consideration of the other three factors, clearly favors a stay." *Ruiz*, 650 F.2d at 565 (cleaned up). In such circumstances, the movant "need only present a substantial case on the merits when a serious legal question is involved." *Bryant*, 773 F.3d at 57 (citing *Ruiz*, 650 F.2d at 565).

In its October 22 Order, the Court found that the balance of equities tipped heavily in their favor regarding dissemination of class notice, but not regarding the preparatory actions outlined in the class notice plan. (Order, Dkt. 131, at 3–5). Accordingly, the Court did not reach the question of

whether Defendants' success on appeal was probable; it sufficed to find that Defendants had presented a substantial case on the merits involving a serious legal question. (*Id.* at 4). Defendants now ask the Court to stay the entire action, arguing not that it is likely to succeed on the merits but that the balance of equities tips heavily in their favor and that a serious legal question is involved. (2d Mot. Stay, Dkt. 130, at 3–4). The only difference between this motion and Defendants' first is that the various other pending motions in this action bear on the burdens to Defendants. Those burdens do not justify staying the entire action. The other pending motions are ripe and require no further action from the parties. There is no trial date, and the Court has stated that it will not set a new trial date until the Rule 23(f) petition is resolved. (Order, Dkt. 131, at 5). The Court has already decided that the balance of equities warrants a stay of class notice dissemination but not the preparatory actions outlined in the class notice plan. (*Id.* at 3–5). To the extent that Defendants seek reconsideration of that decision,[1] the Court is not persuaded to reach a different conclusion. The parties shall comply with the Court's October 22 Order.

Accordingly, **IT IS ORDERED** that Defendants' Opposed Motion to Stay All District Court Proceedings Pending Disposition of Rule 23(f) Appeal, (Dkt. 130), is **DENIED**. Plaintiffs' Motion to Enforce Court Order, (Dkt. 134), is **GRANTED**. The parties are ordered to comply with the Court's October 22 Order. (Dkt. 131). Defendants shall compile the class data as specified in Exhibit D of the Class Notice Plan, (Dkt. 113-1, at 15), in a digital format usable by Heffler Claims Group, and provide that data to Class Counsel on or before **December 7, 2018**.

---

[1] "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the court to "revise at any time any order or other decision that does not end the action." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up).

**SIGNED** on November 16, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE